# IN THE COURT OF APPEALS OF IOWA

No. 25-0577
Filed July 23, 2025

IN THE INTEREST OF E.K.,
Minor Child,

S.K., Mother,
          Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,
Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Katie E. Johnson of Katie Johnson Law, Council Bluffs, for appellant
mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, for appellee State.

Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, attorney
and guardian ad litem for minor child.

Considered without oral argument by Tabor, C.J., and Ahlers and
Langholz, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of a mother and any putative father to a child born in 2024. Only the mother appeals. She only challenges the statutory grounds supporting termination.[1]

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). However, we do not address a step if the parent does not challenge it on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The juvenile court found grounds authorizing termination satisfied under Iowa Code section 232.116(1)(e), (g), (h), and (*l*) (2025). As the mother's rights were terminated on multiple grounds, we affirm if any ground is supported by the

---

[1] The mother makes passing reference to whether the Iowa Department of Health and Human Services made reasonable efforts toward reunification without identifying what services she believes she should have received, summarily states that termination is not in the child's best interests, and states termination should not have occurred because she shares a bond with the child and the child is in the care of a relative. These issues were not separately stated in her petition on appeal as required by the Iowa Rules of Appellate Procedure, no authority is cited for any of these issues, and she makes no substantive argument for any of these issues. As a result, the mother has waived or forfeited them. *See In re A.T.*, No. 25-0119, 2025 WL 1085210, at *1 n.1 (Iowa Ct. App. Apr. 9, 2025) (finding waiver under similar circumstances); *In re B.D.*, No. 23-0105, 2023 WL 2671958, at *1 (Iowa Ct. App. Mar. 29, 2023); *see also State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (describing ways an issue can be forfeited on appeal, including by failing to clearly identify an issue, make an argument in support of an issue, make more than a perfunctory argument in support of an issue, or cite authority in support of an issue). And even if these issues were properly developed, they would not warrant relief on these facts.

record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We elect to focus on section 232.116(1)(h), which permits termination upon clear and convincing proof that (1) the child is three years of age or younger; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the physical custody of the parents for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent.

The mother only challenges the fourth element—whether the child could be safely returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) ("There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" means at the time of the termination hearing). Following our review of the record, it is clear the child could not be safely returned to the mother's custody at the time of the termination hearing given the mother's longstanding methamphetamine use. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (recognizing that a parent's methamphetamine use creates a danger to the child).

In 2014, the mother's parental rights to another child were terminated in part due to her methamphetamine use. The mother also has another child who was the subject of child-in-need-of-assistance proceedings in 2020 and 2023 due to her methamphetamine use. Those proceedings were closed following a bridge

order placing the child in the father's sole legal custody and physical care, and the mother does not have visitation with that child.

In March 2024, the Iowa Department of Health and Human Services received word that the mother gave birth to the child at issue, and cord testing came back positive for methamphetamine and amphetamine. Since that time, the department has offered the mother twenty-three drug testing opportunities. She failed to test eight times; tested negative four times; missed testing due to incarceration one time; and tested positive ten times. Six of those positive tests were positive for methamphetamine. She most recently tested positive for the department through a sweat patch test conducted about one month before the termination hearing.

Despite this long history of illegal drug use, the mother waited to enter a residential drug treatment program until about two weeks prior to the termination hearing, and the day before the termination hearing, the mother expressed her desire to leave the treatment program even though she had not completed it. Nothing in the record suggests the mother could have the child in her custody while in treatment, and the mother admitted that she only believed she could take custody *after* completing treatment—not at the time of the termination hearing. Adding to the hurdles that prevented the child from being returned to the mother's custody at the time of the termination hearing, the mother was facing an outstanding warrant for her arrest for violating the terms of her probation.

Aside from logistical issues preventing reunification, the child could not be safely returned to the mother's custody. At the termination hearing, the mother maintained that she was not using illegal substances before she entered treatment

despite testing positive, and she attempted to minimize her past drug use. Her refusal to acknowledge the full scope of her drug use is a hindrance to her sobriety. *See In re A.T.*, No. 25-0119, 2025 WL 1085210, at *4 (Iowa Ct. App. Apr. 9, 2025). Looking forward, we have serious concerns about her ability to get and stay sober given her past actions. Her case manager provided crucial insight by explaining,

> [The mother] takes no accountability for her positive screens, her actions, she deflects, she hasn't completed treatment. Any recommendation or bump in the road or hurdle, as [the mother] perceives them, is not her fault. It's everybody else's. When she doesn't get her way, she appears to become emotionally distraught, [has] poor emotion regulation, and continually test[s] positive for methamphetamine.

This insight reenforces our conclusion that the mother cannot safely parent the child and the child cannot be safely returned to the mother's custody. As a result, the State established a statutory ground for termination under section 232.116(1)(h). As this is the only challenge the mother has not waived or forfeited, *see B.D.*, 2023 WL 2671958, at *1, we affirm the juvenile court's decision to terminate her parental rights.

**AFFIRMED.**